IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NANCY L. LORSUNG,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security;<br><br>　　　　　　Defendant. | 4:10CV3213<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the court on the plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA"). On March 26, 2012, this court reversed the final decision of the Commissioner and remanded for an award of benefits. See Filing No. 26 and Filing No. 27. The government does not object to the award of fees. Filing No. 31, Response.

　　The EAJA authorizes an award of attorney fees and other costs against the United States to prevailing parties in civil actions pending on or commenced after October 1, 1981, unless the position of the United States was "substantially justified" or where "Special circumstances make an award unjust." 28 U.S.C. § 2412 (d). The EAJA provides for the award of fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A), (2)(B); *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which was to diminish the deterrent effect of seeking review of, or defending against, governmental

action.  See *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989); *Astrue v. Ratliff*, 130 S. Ct. 2521, 2530 (2010) (Sotomayor, J., concurring).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified.  *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).  The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).  To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact."  *Goad*, 398 F.3d at 1025.

Only reasonable fees and expenses may be awarded under the Act.  28 U.S.C. §§ 2412 (d)(1)(A), 2412 (d)(2)(A).  Fees are to be based on "prevailing market rates for the kind and quality of the services furnished," and attorney fees in excess of $125.00 per hour cannot be awarded unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.  28 U.S.C. § 2412 (d)(2)(A) (ii).

The court finds the plaintiff is a prevailing party.  The plaintiff has shown that her net worth does not exceed $2,000,000.  Filing No. 29, Index of Evid., Ex. A, Application to proceed in forma pauperis.  Plaintiff requests fees totaling $4,828.72 representing 27.5 hours at the rate of $175.59 per hour.  *Id.*, Ex. B, Affidavit of Glenn A. Murray at 4. Plaintiff has also shown that her attorney recovers fees at the rate of between $140.00 and $410.00 per hour in Social Security cases.  *Id.* at 1.  The plaintiff also submits an affidavit from a Nebraska attorney attesting that $176.00 per hour is reasonable in a Social Security case.  *Id.*, Ex. C, Affidavit of Thomas A. Wagoner.  Based on its

familiarity with prevailing rates in this community, the court finds that a rate of $175.00 to $200.00 per hour is reasonable for cases of this complexity.  Further, the plaintiff has shown that the amount of $125.00, when adjusted for the escalation of the cost of living since 1996, equates to $175.59 in today's dollars.  *Id.*, Ex. D, Consumer Price Index.

The court finds that plaintiff has shown she is entitled to EAJA fees in the amount of $4,828.72.  The court also finds that there are no special circumstances that would make this award unjust.  Accordingly,

IT IS ORDERED:

1. Plaintiff's application for attorney fees (Filing No. 28) is granted.

2. A judgment for attorney fees in the amount of $4,828.72 will be entered this date.

DATED this 6th day of September, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge